IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL BOURGEOIS, :
:
    Petitioner :
:
v. : CIVIL NO. 4:CV-13-1427
:
JOHN E. WETZEL, ET AL., : (Judge Brann)
:
    Respondents :

## MEMORANDUM

June 6, 2013

**Background**

    Michael Bourgeois, an inmate presently confined at the State Correctional Institution, Dallas, Pennsylvania (SCI-Dallas), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondents are Secretary John E. Wetzel of the Pennsylvania Department of Corrections and Warden James J. McGrady who is employed at Petitioner's prior place of confinement the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania (SCI-Retreat).[1] The required filing fee has been paid. Service of the Petition has not yet been ordered.

---

[1] The docket indicates that Petitioner was confined at SCI-Retreat when he initiated this action. Since the only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, Warden McGrady will be deemed the sole respondent. See 28 U.S.C. § 2242.

1

According to the Petition, Bourgeois was arrested on September 6, 2001 and charged with crimes which were alleged to have been committed when he was 17 years old. See Doc. 1, p. 2. On January 27, 2003, Petitioner entered a guilty plea to two (2) counts of first degree murder and related offenses in the Court of Common Pleas of Lancaster County, Pennsylvania. He was sentenced that same day to a mandatory term of life imprisonment without parole. See id.

Petitioner's pending action, relying on the United States Supreme Court's June 25, 2012 decision in Miller v. Alabama, ___ U.S. ____, 132 S.Ct. 2455 (2012), asserts that he is entitled to federal habeas corpus relief on the basis that the imposition of a mandatory life sentence for a juvenile is unconstitutional.[2]

**Discussion**

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district

---

[2] In Miller, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Id. at 2460.

2

> within which the State court was held which convicted
> and sentenced him and each of such district courts shall
> have concurrent jurisdiction to entertain the application.
> The district court for the district wherein such an
> application is filed in the exercise of its discretion and in
> furtherance of justice may transfer the application to the
> other district court for hearing and determination.

Bourgeois is attacking the legality of a sentence which was imposed by the Court of Common Pleas of Lancaster County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. See 28 U.S.C. § 118.

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application." Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court may transfer a habeas petition pursuant to § 1404(a). See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

Since the trial court, as well as any records, witnesses and counsel, are located within the United States District Court for the Eastern District of

Pennsylvania, it would be prudent to transfer this action to the Eastern District.

An appropriate Order will enter.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge